## Willie Audrey MORRIS *v.* George E. MATTHEWS et ux

77-321                                          564 S.W. 2d 509

### Opinion delivered April 24, 1978
#### (Division II)

*Tom Donovan*, for appellant.

*Rose, Nash, Williamson, Carroll, Clay & Giroir*, for appellees.

CONLEY BYRD, Justice. The pivotal issue in this foreclosure case is whether the conditional contracts of sale used by appellees George E. Matthews and his wife constituted a sale within the terms of a mortgage held by appellant Mrs. Willie Audrey Morris. The trial court ruled that the conditional contracts of sale did not constitute a sale. Appellant appeals raising the issues hereinafter discussed.

The record shows that Vernon and Willie Audrey Morris sold a 20 acre tract of land to Al Green and his wife for $90,000, $24,000 of which was paid down and a mortgage of $66,000 was given for the balance. Among other things the mortgage provided:

"Mortgagee hereby agrees that the mortgagor may sell any amount of the herein described property at any time provided that the mortgagee shall receive 60% of all cash

and 60% of all notes received from such sale; said amounts to be applied toward the principal balance of the note secured by this mortgage. Mortgagee hereby agrees that the mortgagor may remodel any existing structure, build on, or clear any of the herein described property as mortgagor sees fit."

Appellees purchased the property from the Greens and assumed the mortgage. Appellees have developed the property as a mobile home park by putting in blacktop streets, sewer, water, gas and electricity. There are now 65 lots in the development. Beginning in June 1976, the appellees began entering into conditional contracts for the sale of the lots. Pursuant to these conditional contracts of sale the appellees agreed to sell a specified lot for a sum certain, payable by specified amount down and the balance to be paid with interest, over a period of years. The installment sales contracts provided that when the purchase price was fully paid the appellees would convey title to the purchasers or their assigns by general warranty deed. Further, the contracts provided that in the event of default after 60 days on any payment due under the contract of sale, the appellees had the option to terminate the agreement and all payments thereunder would be regarded as rent. By the terms of the agreement the conditional purchaser went into possession of the lot or at least had the right to take possession.

At the trial on May 2, 1977, the appellees stipulated that they had entered into conditional contracts of sale for 38 lots within the subject property. Pursuant to these conditional contracts of sale, the appellees had received down payments totaling $12,545.00 and monthly payments of principal in the amount of $4,296.49. None of these payments had been paid over to Mr. and Mrs. Morris except the regular $500.00 monthly payment on the original mortgage. The balance of the payments was being used to pay taxes and an unsecured loan for the development of the mobile home park.

Based upon the mortgage clause, we agree with appellant that the conditional contracts of sale constituted a sale within the terms of the mortgage.

It follows that upon remand appellant will be entitled to

300

amend her complaint to add the several conditional purchasers as parties. The rights of the purchasers with respect to appellant's mortgage are not before us.

Reversed and remanded for proceedings not inconsistent herewith.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.